The State v. Putnam.

*H. Stockton*, for plaintiff, moved to amend the declaration by striking out Bridgetown and inserting Salem, his object being to change the venue. *Stroud* v. *Tilley*, 2 *Str.* 1162; *Rivet* v. *Cholmondeley*, *Ibid.* 1202.

*Giles, contra*, contended that the plaintiff's right was gone, and the venue could not be changed after issue joined. 1 *Crompt.* 113--4.

PER CUR. Let the amendment be made. (c)

CITED *in Bill* v. *Mor. Canal*, 3 *Gr.* 65.

---

### THE STATE v. PUTNAM.

An inquisition purporting to be taken on the oaths or affirmations of A, B, &c., is bad, unless it states that those who were affirmed were quakers, or conscientiously scrupulous of taking an oath.

---

On *certiorari* to remove an inquisition of forcible entry and detainer.

The exception was, that it appeared to be taken " on the oaths or affirmations " of A, B, C, &c., without setting forth that they are quakers or conscientiously scrupulous of taking an oath. A case of *The State* v. *Cook*, in Middlesex, was cited, in which this error had been held fatal.

PER CUR. The defect is fatal; the inquisition must be quashed.

CITED *in Clark* v. *Collins*, 3 *Gr.* 473; *Cruiser* v. *State*, 3 *Harr.* 208.

(c) See 1 *Sellon* 254, 5. Venue may be changed after issue joined. *Delavan* v. *Baldwin*, 3 *Caines* 104; *Kent* v. *Dodge*, 3 *Johns.* 447.